FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 14 2021

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DERWIN THOMAS,**                                                  **PLAINTIFF**
Individually and on behalf of
all others similarly situated

v.                    Case No. 4:21-cv-_410-KGB_

**BROADPATH, LLC**                                          **DEFENDANT**

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Derwin Thomas individually and on behalf of all others similarly situated, by and through his attorneys Chris Burks and Greg Ivester of WH LAW, for his Class and Collective Action Complaint against Defendant Broadpath, LLC ("Defendant"), does hereby state and allege as follows:

This case assigned to District Judge _Baker_
and to Magistrate Judge _Ray_

### I. PRELIMINARY STATEMENTS

1. This is a hybrid class action and a collective action brought by Plaintiff Derwin Thomas individually and on behalf of all other hourly-paid remote call center employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a resident and citizen of Faulkner County.

13. Plaintiff worked for Defendant as remote call center member advocate within the three (3) years preceding the filing of this Complaint.

14. Plaintiff was employed by Defendant as an hourly-paid employee within the three years preceding the filing of this Complaint.

15. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

16. Defendant Broadpath, LLC is a foreign limited liability company, registered and licensed to do business in the State of Arkansas.

17. Defendant Broadpath, LLC's registered agent for service of process in Arkansas is Corporation Service Company, 300 Spring Street Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

18. Defendant Broadpath, LLC is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

19. Defendant Broadpath, LLC is a provider of services to companies in the healthcare, financial services, travel and hospitality, and other industries.

20. Defendant Broadpath, LLC provides services throughout the United States and offers employment opportunities in Arkansas primarily through remote work, or work from home alternatives.

21. During the time period relevant to this case, Plaintiff was employed at Defendant as an hourly-paid remote call center member advocate within the three (3) years preceding the filing of this Complaint.

22. During each of the three years preceding the filing of this Complaint, Defendant employed at least four individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

23. Defendant Broadpath, LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

### IV.   REPRESENTATIVE ACTION ALLEGATIONS

24. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

25. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly-paid remote call center member advocates who were or are employed by Defendants and who are entitled to payment for all of their overtime wages that Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

26. Plaintiff is unable to state the exact number of the class but believes that the class's membership is more than 40 persons.

27. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

28. The names and physical and mailing addresses of the FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the FLSA collective action Plaintiffs via text message and first-class mail to their last known physical and mailing addresses as soon as possible.

29. The cellular telephone numbers of the FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the FLSA collective action Plaintiffs via text message as soon as possible.

30. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

   A. Defendant's common practices of hourly-paid remote call center employees using the same software for hours worked, and the tracking and treatment of those hours in the same way nationwide;

   B. Defendant's uniform failure to compensate employees pursuant to the requirements of the FLSA; and

   C. Defendant's failure to pay members of the class proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

## V. FACTUAL ALLEGATIONS

31. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

32. Plaintiffs worked for Defendant as a remote call center member advocate within the last three years.

33. Defendant directly hired Plaintiff and other similarly-situated employees, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

34. Plaintiff and other similarly-situated employees performed duties such as speaking to clients, inputting data from the calls into a common online system.

35. Plaintiff and other similarly-situated employees worked in excess of forty (40) hours per week throughout their tenure with Defendant.

36. Plaintiff and other similarly-situated employees were not paid for all hours they worked each week and regularly worked in excess of forty (40) hours per week.

37. Defendant did not pay Plaintiff or similarly-situated employees one and one-half times their regular rate for hours in excess of forty (40) in a week.

38. It was Defendants' commonly applied policy to only pay Plaintiff, and other remote, hourly- call center member advocates, an overtime premiums for less than all the hours they worked in excess of forty (40) in a week, as the common system cut off their pay even though the calls continued.

39. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and other field consultants violated the FLSA.

## VI.   LEGAL ALLEGATIONS

40. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

        A.     <u>Individual Allegations under the FLSA</u>

41. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

42. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by failing to pay Plaintiffs and other similarly-situated employees the proper overtime premium.

43. Defendant's conduct and practice, as described above, have been and is willful, intentional, unreasonable, arbitrary and in bad faith.

44. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties, and costs, including reasonable attorney's fees as provided by the FLSA.

        B.     <u>FLSA § 216(b) Representative Action Allegations</u>

45. Plaintiff brings this collective action on behalf of all hourly-paid, remote call center member advocates employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the Putative Class for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

        C.     <u>Individual Allegations Under the AMWA</u>

46. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-203(4).

47. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

48. Defendant failed to pay Plaintiffs all overtime wages owed, as required under the AMWA.

49. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

50. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

51. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### D. Class Allegations Under the AMWA

52. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

53. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54. Common questions of law and fact relate to all of the proposed liability class members, such as these:

   i. Whether Defendant's policy of failing to properly pay overtime-rate wages to members of the proposed class who worked in excess of forty (40) hours per week was unlawful under the AMWA;

    ii. Whether Defendant had a common practice of hourly-paid remote call center employees using the same software for hours worked, and the tracking and treatment of those hours in the same way nationwide;

    iii. Whether, as a result of Defendant's failure to lawfully calculate Plaintiff's overtime pay, Defendant paid members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

55. The above common questions of law and fact predominate over any questions affecting only Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

56. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency and well-being." Ark. Code Ann. § 11-4-202. To that end, all non-exempted employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

57. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this complaint.

58. No undue or extraordinary difficulties are likely to be encountered in the management of this class action.

59. The claims of Plaintiff are typical of the claims of the proposed liability class in that Plaintiff and all others in the proposed liability class will claim that they were not paid one and one-half times their regular rate of pay for hours worked in excess of forty per week.

60. Plaintiff and their counsel will fairly and adequately protect the interests of the class.

61. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one.

## VII.

## FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

62. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

65. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

66. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

68. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

69. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.

## SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

70. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

71. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

72. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

73. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

74. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

75. Defendant willfully failed to pay overtime wages to Plaintiff and the members of the proposed class.

76. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## IX.

## THIRD CAUSE OF ACTION

**(Collective Action Claim for Violation of the FLSA)**

77. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

78. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

79. At all relevant times, Defendant has been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

80. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

81. Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

82. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Derwin Thomas, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)   That Defendant be required to account to Plaintiff, the class and collective members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

(B)   A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the AMWA, and their relating regulations;

(C)   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(D)   Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the AMWA, and their relating regulations;

(E)   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, the AMWA, and their relating regulations in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(F) An order directing Defendant to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees, and all costs connected with this action; and

(G) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Derwin Thomas, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: _Chris Burks_
Chris Burks (ABN: 2010207)
chris@wh.law
Greg Ivester (ABN: 2007257)
greg@wh.law